In the Matter of the Direct Criminal Contempt of Fred Townes.

Fred TOWNES, a. k. a. Freddie Steven Townes, Appellant,

v.

STATE of Wyoming, Appellee.

No. 4079.

Supreme Court of Wyoming.

Appellee's Petition for Rehearing Denied Dec. 14, 1972.

Appellant's Petition for Rehearing Denied Dec. 18, 1972.

C. A. Brimmer, Atty. Gen., Richard A. Stacy, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

ON PETITION FOR REHEARING

PER CURIAM.

The State of Wyoming, by and through its attorneys, Clarence A. Brimmer, Attorney General, and Richard A. Stacy, Assistant Attorney General, has petitioned for rehearing in connection with our previous opinion, reported at 502 P.2d 991.

In its petition, the State argues:

"In finding that Rule 41(a), Wyoming Rules of Criminal Procedure, was not properly complied with, the Court has unduly restricted the power of the District Courts of this State to summarily punish for contemptuous conduct occurring in the presence of the court. * * *"

We have not said the act here involved was one which could not be disposed of summarily under Rule 41(a). The matter was not disposed of summarily. The actions of the appellant took place on November 30, 1971. On December 3, 1971

the trial court issued a "Citation to Show Cause" wherein it was stated:

"WHEREAS, On November 30, 1971, at a regular session of the above-entitled Court and in the immediate view and presence of the presiding judge thereof, Freddie Steven Townes, did act in a disorderly, contemptuous and insolent manner and did impair the respect due the Court's autority [sic];

"IT IS HEREBY ORDERED, that Freddie Steven Townes appear before this Court at Cheyenne, Wyoming on December 6, 1971, at 2:00 o'clock P. M., *then and there to show cause why he should not be adjudged guilty of, and punished for contempt in the presence of the Court.*" [Emphasis supplied.]

Thereafter, on December 6, 1971, the matter was heard and "Judgment and Sentence" was entered and filed on December 10, 1971, in which it was stated:

"On the 6th day of December, 1971, there came on regularly to be heard the above matter of the direct criminal contempt of Fred Townes.

\*    \*    \*    \*    \*    \*

"THE COURT FURTHER FINDS Fred Townes guilty of a direct criminal contempt in the presence of the court on the 30th day of November, 1971, \* \* \*."

It is clear the matter was not disposed of summarily by the trial court but a hearing to determine guilt was held six days later. In the judgment and sentence which was entered December 10, 1971, the judge did certify "that the attached transcript of the Court's narrative of events occurring on the 30th day of November, 1971, is factually true and correct in every respect." Thus, it is apparent the contemptor heard the essential facts constituting the contempt charge for the first time at the hearing on December 6, 1971. According to Rule 41(b), he should therefore have been given a reasonable time for preparation of a defense.

Our opinion has been based upon procedural considerations and not substantive law. Had the matter been summarily disposed of pursuant to Rule 41(a), the questions presented here would not have arisen.

Petition for rehearing is therefore denied.

Louis A. Mankus, Cheyenne, for appellant.

## ON PETITION FOR REHEARING

McINTYRE, Chief Justice.

On December 14, 1972 this court, by per curiam opinion, denied a petition for rehearing which had been made on behalf of the appellee. Subsequently, a petition for rehearing has been made by the appellant. Among other things, appellant suggests his attorney has been advised Fred Townes would be retried immediately before the same judge.

It is apparent from our original opinion that the judge before whom a contempt is alleged to have occurred could have summarily punished one guilty of a direct contempt. We have held this was not done, and it now becomes necessary for a hearing to be had on the charge of contempt. It is possible the judge before whom the contempt is alleged to have taken place will be a witness in the forthcoming hearing and he may deem it advisable to assign another judge to preside in such hearing. We will not at this time anticipate what proceedings will take place or that error will be committed.

Wherefore, it is ordered that appellant's petition for rehearing be and the same is hereby denied.